No. 2917.—The State ex rel. Joseph L. Montieu *v.* Ursin Lavigne.

The act of 1864, creating the office of tax collector for the several parishes of the State, was repealed by the statute of 1868, entitled "An Act to provide a revenue for the State government, and the manner of collecting the same." Therefore the office of tax collector, under the act of 1864, became extinct by the passage of the act of 1868, and such officer elected under that act must give way to the officer designated by the act of 1868 to collect the taxes.

In a proceeding under the intrusion act, No. 156 of 1868, to test the right to an office, the party claiming the office may be joined, and if it be ascertained that he is entitled thereto, he will be so recognized in the decree which pronounces the incumbent an intruder.

APPEAL from Second District Court, parish of Jefferson. *Pardee, J. Z. McKay*, District Attorney, for relator, appellant. *Cotton & Levy* and *N. Commandeur*, for defendant and appellee.

This case was tried by a jury in the court below.

WYLY, J. The relator has appealed from the judgment on the verdict of the jury in favor of the defendant, who was proceeded against, under the "intrusion act" of 1868, for usurping the office of State tax collector for the parish of Jefferson, which said office is claimed by Joseph L. Montieu, by virtue of his appointment and commission from the Governor, dated twentieth April, 1870, under act No. 68 of the acts of 1870.

The respondent avers, in his answer, that at the April elections of 1868 he was duly elected State tax collector for the term ending the first Monday of November, 1870, or until his successor was elected; that having been duly commissioned by the Governor he qualified according to law, and has administered the office to date. "Respondent further specially pleads that he holds under and by virtue of the one hundred and fifty-fourth and one hundred and fifty-eighth articles of the Constitution of 1868 for the term above set forth, and that neither the Legislature nor the Governor can displace or remove him in the manner attempted."

It will hardly be contended that the articles of the Constitution relied on prohibited the Legislature from repealing the statute of 1864, creating the office of tax collector, to which the respondent was elected, because they contain no express prohibition; and, in the absence thereof, it is evident that the power to enact a law necessarily implies the power to repeal it.

The question is, was that part of the act of 1864, creating the office of tax collector, repealed by the act of twenty-first October, 1868, "An Act to provide a revenue to support the State government, and the manner of collecting the same." This act provides for the appointment of an assessor and defines his duties; it also provides, section 44, "that the assessor in each and every parish of the State, except the parish of Orleans, shall collect the State and parish taxes of his

parish." And by section 78 all laws or parts of laws contrary to the provisions of this act are repealed.

If the statute of 1868 makes it the duty of the assessor of each parish, in addition to his other duties, to collect all State and parish taxes, and repeals all laws contrary to this provision, we do not see how the office of tax collector can exist, or how the officer elected to administer it can do so, without conflicting with the act of 1868 providing for that duty to be performed by another officer.

A fair interpretation of the law leads us to the conclusion that the office created by the act of 1864 and claimed by the respondent, was abolished by the sections of the revenue act of 1868 to which we have referred. Of course the term for which this officer was to hold, did not continue after the repeal of the law creating the office; for it would be absurd to say there is an unexpired term to an office that has ceased to exist

The evidence shows that Joseph L. Montieu, appointed under the revenue act of 1870, is entitled to the office in dispute.

It is therefore ordered that the judgment appealed from be annulled; that Joseph L. Montieu be declared entitled to the office to which he was appointed under act No. 68 of the acts of 1870, and the respondent be excluded therefrom and be declared an intruder, and that he pay costs of both courts.